IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| PUTT-PUTT, LLC,<br>    300 South Liberty Street, Suite 110<br>    Winston-Salem, NC 27101,<br><br>                Plaintiff,<br><br>v.<br><br>416 CONSTANT FRIENDSHIP, LLC,<br>    19110 Montgomery Village Avenue<br>    Gaithersburg, MD 20886<br>    Montgomery County,<br><br>and<br><br>DAVID VEDADI,<br>    19110 Montgomery Village Avenue<br>    Gaithersburg, MD 20886<br>    Montgomery County,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 8:12-cv-3018<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Putt-Putt, LLC ("Putt-Putt") states the following for its Complaint against Defendants 416 Constant Friendship, LLC ("416 CF") and David Vedadi ("Vedadi") (416 CF and Vedadi are referred to collectively herein as "Defendants").

## NATURE OF THE CASE

1.     This is an action at law and in equity for trademark infringement, unfair competition, and deceptive trade practices arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW §§ 13-301 *et seq.*, and the common law.

## THE PARTIES

2.     Putt-Putt is a North Carolina limited liability company having a principal place of

business at 300 South Liberty Street, Suite 110, Winston-Salem, North Carolina 27101.

3.      Defendant 416 CF is a Maryland limited liability company having a principal place of business at 19110 Montgomery Village Avenue, Gaithersburg, Maryland 20886.  416 CF may be served through its resident agent, P. Case Aiken, II, at 11300 Rockville Pikes, Suite 1015, Rockville, Maryland 20852.

4.      On information and belief, Defendant Vedadi is a resident of the State of Maryland.  On information and belief, Vedadi is a principal of 416 CF and may be served personally or by certified mail at 19110 Montgomery Village Avenue, Gaithersburg, Maryland 20886.

## JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Putt-Putt's related common law claims under 28 U.S.C. §§ 1338 and 1367.

6.      This Court has personal jurisdiction over Defendants because Defendants reside in the State of Maryland, do business in this State, have engaged in acts or omissions within this State causing injury, and have otherwise established contacts with this State making the exercise of personal jurisdiction proper.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

## FACTUAL BACKGROUND

**A.      The Famous PUTT-PUTT Mark**

8.      Putt-Putt is the owner of the famous PUTT-PUTT trademark (the "PUTT-PUTT Mark")

US2008 3410809.1

and the franchisor of a nationwide system of uniquely designed family fun establishments that include various combinations of miniature golf courses and related attractions including go-kart tracks, bumper boats, batting cages, and video game rooms.

9.      Since at least as early as 1955, Putt-Putt (itself or through its predecessors-in-interest and/or its or its predecessors' authorized licensees), has used the PUTT-PUTT Mark, both alone and in conjunction with other word and design elements, in interstate commerce in the United States for the purpose of identifying its family fun establishments and distinguishing the source of its goods and services.

10.     Putt-Putt's use of the PUTT-PUTT Mark has been valid and continuous since the date of first use and has not been abandoned.

11.     Putt-Putt is the owner of several federal trademark registrations for its PUTT-PUTT Mark, including the following:

- PUTT-PUTT GOLF COURSE (Reg. No. 0657893), registered on January 28, 1958, for "operation and management of miniature golf courses";

- PUTT-PUTT GOLF & GAMES (Reg. No. 1203114), registered on July 27, 1982, for "entertainment services—namely, providing facilities for coin operated electronic game machines";

- PUTT-PUTT (Reg. No. 1786729), registered on August 10, 1993, for "pencils, stationery, posters, and scorecards";

- PUTT-PUTT (Reg. No. 1774301), registered on June 1, 1993, for "carpets";

- PUTT-PUTT (Reg. No. 1779013), registered on June 29, 1993, for "t-shirts, wind-resistant jackets, hats, sweaters and sports shirts";

- PUTT-PUTT (Reg. No. 2077704), registered on July 8, 1998, for "entertainment and recreational services, namely, miniature golf courses, bumper boat water courses, go-kart tracks, batting cages, and putting tournaments, and providing facilities for coin-operated electronic game machines and recreational activities";

US2008 3410809.1

- PUTT-PUTT (Reg. No. 2101518), registered on September 30, 1997, for "computer game programs" and "stuffed toys";

- PUTT-PUTT (Reg. No. 2075868), registered on July 1, 1997, for "plastic cups";

- PUTT-PUTT & Design (Reg. No. 2512620), registered on November 27, 2001, for "entertainment and recreational services, namely, miniature golf courses, bumper boat water courses, go-kart tracks, batting cages, and putting tournaments, and providing facilities for coin-operated electronic game machines and recreational activities"; and

- PUTT-PUTT BUSTER & Design (Reg. No. 3437846), registered on May 27, 2008, for "amusement centers; entertainment services, namely, conducting parties."

True and correct copies of the Certificates of Registration for these trademark registrations, all of which are now owned in the name of "Putt-Putt, LLC," are attached as **Exhibit A**.  For Reg. Nos. 0657893, 1203114, 1786729, 1774301, 1779013, 2077704, 2101518, 2075868,  and 2512620, affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and have been acknowledged by the United States Patent and Trademark Office and, as a result, these registrations have become incontestable.

12.     As a result of nearly sixty years' of continuous use and promotion of the PUTT-PUTT Mark, the public recognizes and understands that the PUTT-PUTT Mark identifies and distinguishes Putt-Putt's goods and services, including its family fun establishments.

13.     Putt-Putt also owns legally protectable rights in various design features of its family fun establishments, including without limitation its distinctively colored miniature golf bumper guards and the designs of the various golf holes (the "PUTT-PUTT Trade Dress").

B.     <u>Defendants' Unlawful Activities</u>

14.     Without Putt-Putt's authorization, and despite Putt-Putt's objections, Defendants 416 CF and Vedadi currently are using the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress in connection with their operation of a business at 416 Constant Friendship Boulevard, Bel Air, Maryland 21009 (the

4

"Location").  True and correct copies of photographs depicting Defendants' conduct, taken at the Location on or about October 6, 2012, are attached as **Exhibit B**.

15.     Defendants also are using without authorization the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress to advertise and promote their business as a genuine and authorized PUTT-PUTT FUN CENTER, when in fact it is not.  True and correct examples of Defendants' deceptive advertising are attached as **Exhibit C**.

16.     On information and belief, and also in connection with the advertising and promotion of their business, Defendants have adopted and used a URL that incorporates the PUTT-PUTT Mark: <www.putt-puttfuncenter.com>.  Defendants' website at <www.putt-puttfuncenter.com> uses without authorization the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress.  True and correct copies of screenshots from Defendants' website are attached as **Exhibit D**.

17.     On March 5, 2012, Defendant 416 CF filed an application with the U.S. Patent and Trademark Office ("PTO") to register the trademark "Putt-Putt Fun Center" (Serial No. 85559883) in connection with "amusement arcade services; amusement center."  A true and correct copy of information from the USPTO's website regarding Application Serial No. 85559883 is attached as **Exhibit E**.

18.     On June 18, 2012, the USPTO Examining Attorney issued an Office Action initially refusing to register 416 CF's application based on a likelihood of confusion with several of Putt-Putt's trademark registrations for the PUTT-PUTT Mark.  A true and correct copy of the June 18, 2012 Office Action is attached as **Exhibit F**.

19.     On information and belief, at the time Defendants first commenced use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress at the Location, Defendants were fully aware of Putt-

US2008 3410809.1

Putt's preexisting and senior rights in the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress.

20.    Defendants' unauthorized use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress in connection with their business at the Location will create a likelihood of consumer confusion as to the source, origin, sponsorship, or affiliation of Defendants' business with Putt-Putt.

21.    On information and belief, as a principal of Defendant 416 CF, Defendant Vedadi has personally directed, controlled, ratified, or participated in, or has been the moving force behind, the unauthorized use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress in connection with the operation of a business at the Location.

22.    Putt-Putt has repeatedly attempted to resolve this dispute short of litigation.  On July 3, 2012, counsel for Putt-Putt wrote a letter to Defendant 416 CF informing it of Putt-Putt's prior and superior rights in the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress, and demanding that 416 CF: (1)  immediately cease use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress, and (2) immediately abandon Application Serial No. 8559883.  A true and correct copy of the July 3, 2012 letter from Putt-Putt's counsel is attached as **Exhibit G**.  Putt-Putt's counsel has had numerous further communications with Defendants' counsel urging Defendants to cease their infringing conduct.

23.    As of the date of the filing of this Complaint, Defendants, on information and belief, continue to use without authorization the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress in connection with their business at the Location.  Despite Putt-Putt's efforts to resolve this matter without the Court's involvement, Defendants have refused to cease their unauthorized use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

24.    Putt-Putt repeats and incorporates by reference the allegations contained in the foregoing

6

US2008 3410809.1

paragraphs as if fully set forth here.

25.     Defendants' unauthorized use of the PUTT-PUTT Mark in connection with their business at the Location infringes the federally registered PUTT-PUTT Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     Defendants' use of the PUTT-PUTT Mark in connection with the activities alleged above has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, and qualities of Defendants' goods and services relative to Putt-Putt's goods and services.

27.     Defendants' actions demonstrate a willful and bad faith intent to trade on the goodwill associated with the PUTT-PUTT Mark.

28.     Because of Defendants' unlawful actions, Putt-Putt has suffered and continues to suffer irreparable harm, including, but not limited to, detriment to and diminution in value of the PUTT-PUTT Mark, for which there is no adequate remedy at law.  Accordingly, Putt-Putt is entitled to an injunction against Defendants, pursuant to 15 U.S.C. § 1116.

29.     Putt-Putt also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized, and the costs of this suit, pursuant to 15 U.S.C. § 1117.

30.     Given that Defendants' actions were willful, deliberate, and fraudulent, Putt-Putt is entitled to treble damages and an award of reasonable attorneys' fees against Defendants, pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
**(Federal Unfair Competition)**

31.     Putt-Putt repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

32.     Defendants' unauthorized use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress constitutes false representation, false description, and false designation of origin of Defendants' goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception of the consuming public.

33.     As a direct and proximate result of these activities, Putt-Putt has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Such conduct has caused and, unless enjoined, will continue to cause Putt-Putt to lose sales to which it would otherwise be entitled.

34.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress to Putt-Putt's great and irreparable injury.

35.     Defendants have caused and are likely to continue causing substantial injury to the public and to Putt-Putt, and Putt-Putt is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CAUSE OF ACTION
**(Common Law Unfair Competition)**

36.     Putt-Putt repeats and incorporates by reference the allegations contained in the foregoing

8

paragraphs as if fully set forth here.

37.     Defendants' conduct as alleged above constitutes unfair competition in violation of the common law of the State of Maryland.

38.     Defendants have acted with knowledge of Putt-Putt's rights in and to the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress and without regard to the likelihood of confusion of the public created by Defendants' activities.

39.     Defendants' actions demonstrate a willful intent to trade on the goodwill associated with the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress to the irreparable injury of Putt-Putt.

40.     As a direct and proximate result of these activities, Putt-Putt has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Such conduct has caused and, unless enjoined, will continue to cause Putt-Putt to lose sales to which it would otherwise be entitled.

41.     Defendants' actions are in violation of the common law prohibition against unfair competition.  As a result of Defendants' actions, Putt-Putt has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Putt-Putt is entitled to injunctive relief, to an award of its actual damages, and to an accounting for any profits enjoyed by Defendants as a results of their unlawful conduct.  In light of Defendants' deliberately fraudulent and malicious use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress, and the need to deter Defendants from future trademark infringement and unfair competition, Putt-Putt is entitled to punitive damages.

### FOURTH CAUSE OF ACTION
**(Unfair and Deceptive Trade Practices under MD. CODE ANN., COM. LAW §§ 13-301 *et seq.*)**

42.     Putt-Putt repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

US2008 3410809.1

43.     Defendants have engaged in unfair and deceptive trade practices within the meaning of the Maryland Consumer Protection Act by: (1) causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective goods and services; (2) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants with Putt-Putt; (3) using deceptive representations or designations of origin in connection with Defendants' operation of its business at the Location; and (4) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding of the trade and public.

44.     The unauthorized use by Defendants of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress is causing and, unless enjoined, is likely to continue causing substantial injury to the public and to Putt-Putt, and Putt-Putt is entitled to injunctive relief, as well as to an award of its attorneys' fees, actual damages, and to an accounting for any profits enjoyed by Defendants as a result of its unlawful conduct under MD. CODE ANN., COM. LAW § 13-408.

## PRAYER FOR RELIEF

WHEREFORE, Putt-Putt prays that a judgment be entered:

1.     Permanently enjoining Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, from:

   a.   using the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress, the URL <www.putt-puttfuncenter.com>, or any confusingly similar imitation of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress, in connection with Defendants business, goods, or services, including but not limited to the advertising of that business and use of the

above-referenced marks or designations within the phrase "formerly known as . . . .";

    b.   using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Putt-Putt, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' business or goods or services are the business or goods or services of Putt-Putt, or are sponsored by or in any way related to Putt-Putt.

2.    Awarding Putt-Putt compensatory and punitive damages; an accounting for all profits received by Defendants' unauthorized use of the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress; the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117; and a trebling of damages and profits as authorized by law.

3.    Directing Defendants to surrender immediately and without financial encumbrance to Putt-Putt the URL <www.putt-puttfuncenter.com>, and to deliver up for destruction all labels, signs, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that are found to adopt or to infringe the PUTT-PUTT Mark and the PUTT-PUTT Trade Dress.

4.    Granting Putt-Putt such other and further relief as the Court may deem just and proper.

11

This 11th day of October, 2012.

/s/ Barry J. Fleishman
Barry J. Fleishman (Md. Bar No. 15869)
**KILPATRICK TOWNSEND & STOCKTON LLP**
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5835
Facsimile: (202) 585-0003
BFleishman@KilpatrickTownsend.com

Attorney for the Plaintiff Putt-Putt, LLC

**OF COUNSEL:**

J. David Mayberry
**KILPATRICK TOWNSEND & STOCKTON LLP**
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5870
DMayberry@KilpatrickTownsend.com

US2008 3410809.1